RENDERED: AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0605-DG

JOSEPH BARRIER                                                    APPELLANT


                    APPEAL FROM RUSSELL CIRCUIT COURT
v.              HONORABLE VERNON MINIARD, JR., JUDGE
                       ACTION NO. 20-XX-00001


COMMONWEALTH OF KENTUCKY                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

CLAYTON, CHIEF JUDGE: Joseph Barrier appeals from the Russell Circuit

Court's decision which affirmed the Russell District Court's order denying his

motion to suppress evidence in a driving under the influence ("DUI") case. The

issues involve whether the Russell Circuit Court erred in affirming the district

court's decision to allow testimony according to Kentucky Rule of Criminal

Procedure (RCr) 8.27(3)(a) and whether the stop of Barrier's vehicle fell within the constitutional limits of the Fourth Amendment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2019, Barrier pulled his white Ford F-250 truck into the Jamestown Christian Church parking lot in Jamestown, Russell County, Kentucky to ask for directions to a location in Wayne County, Kentucky. Upon entering the parking lot, Barrier spoke to Victor Cooper, who was at the church cleaning up after a wedding event. In interacting with Barrier, Cooper became aware that Barrier was confused as to where he was originally from and stated that "[Barrier] seemed like he was somewhere else." Cooper then informed his brother-in-law, Deputy Nathan Bradshaw, who was also at the church, that he should call the vehicle in as he believed Barrier was "under the influence of something."

Deputy Bradshaw, who had witnessed the white truck exiting the parking lot, phoned dispatch and reported the vehicle as having a driver who was potentially under the influence. Approximately ten minutes later, Deputy Bradshaw left the church parking lot and located the white truck sitting at a convenience store. He then phoned dispatch again to update them as to the vehicle's current location. Dispatch, in turn, radioed Officer Heath Tarter of the Jamestown Police Department. Officer Tarter was advised to be on the lookout for

a full-sized, white, four-door pick-up truck with a possibly intoxicated driver and with a last known location of the convenience store.

Upon arriving at the location and identifying the vehicle, Officer Tarter approached the vehicle and found the appellant in the driver's seat. During his encounter with Barrier, Officer Tarter immediately smelled alcohol. Officer Tarter inquired if Barrier had been drinking, to which Barrier responded that he had had "several" that night. The officer then conducted two field sobriety tests, both of which indicated that Barrier was intoxicated. Officer Tarter informed Barrier of implied consent, and Barrier refused a blood test. Barrier was then placed under arrest for DUI.

Barrier was ultimately charged with DUI, First Offense, which was later amended to DUI, Second Offense. Prior to Barrier's trial in Russell District Court, Barrier filed a motion to suppress evidence. The district court conducted a suppression hearing during which Barrier objected to the testimony of Cooper and Deputy Bradshaw. The district court denied Barrier's motion to suppress and Barrier entered a conditional guilty plea. Barrier appealed to the Russell Circuit Court, which affirmed the district court's denial of the motion to suppress. Barrier now appeals that order on discretionary review.

Further facts will be discussed as relevant to the arguments on appeal.

## ANALYSIS

### 1. **Testimony During Suppression Hearing**

Barrier first argues that the court erroneously allowed the testimony of Cooper and Deputy Bradshaw during the suppression hearing. "The trial court's decision whether to strike all or part of the witness's testimony is reviewed for abuse of discretion." *Adkins v. Commonwealth*, 96 S.W.3d 779, 789 (Ky. 2003). The test for abuse of discretion is "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

RCr 8.27 discusses suppression motion practice. In particular, RCr 8.27(3)(a) states that:

> [e]xcept for good cause shown, not later than forty-eight (48) hours before a suppression hearing, a party who reasonably anticipates calling a person to testify as a witness at the suppression hearing shall furnish every other party with a copy of all statements of such a person (other than the defendant) that relate to the subject matter of that person's anticipated testimony at the suppression hearing.

Barrier contends that, because the Commonwealth did not provide a written copy of Cooper's and Deputy Bradshaw's statements prior to the hearing, the trial court erred in allowing them to testify.

We disagree. RCr 8.27(3)(e) states that "[i]f the party who called the witness[es] *willfully disobeys* an order to produce or deliver a statement, the court

-4-

*must* strike the witness's testimony from the record." (Emphasis added.) This portion of the rule makes clear that the trial judge is only *required* to strike the testimony of a witness if a party stands in direct defiance of an order to produce or deliver a statement of that witness's testimony.

We have reviewed the record and find that no such order was issued by the trial court to the Commonwealth. Thus, the trial court was under no obligation to strike the testimony of Cooper or Deputy Bradshaw. Further, the trial court specifically noted that the Commonwealth had provided an oral notification to Barrier about its intent to call both Cooper and Deputy Bradshaw as witnesses and advised Barrier of the content of their testimony. Therefore, the trial court found that the Commonwealth had not acted maliciously or attempted to withhold information from Barrier. Because the trial court had no duty to strike the testimony provided by Cooper and Deputy Bradshaw and found good cause to allow the testimony at the suppression hearing, we find that the trial court did not abuse its discretion in allowing such testimony.

## 2. Constitutionality of Investigatory Stop

Barrier next challenges the constitutional validity of Officer's Tarter's [1]stop in this case. In *Collier v. Commonwealth*, a panel of this Court stated that "[a]n investigatory stop under *Terry v. Ohio*[1] is permissible on less than full

---

[1] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

probable cause to arrest where an officer has a reasonable, articulable suspicion that a particular person encountered was involved in or is wanted in connection with a completed felony." 713 S.W.2d 827, 828 (Ky. App. 1986) (citing *U.S. v. Hensley*, 469 U.S. 221, 231, 105 S. Ct. 675, 681, 83 L. Ed. 2d 604 (1985)). When reviewing a trial court's order regarding whether certain evidence should be suppressed, we defer to the trial court's factual findings unless they are clearly erroneous and we review *de novo* the trial court's application of the law to the facts found. *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky. 2004).

Barrier first contends that Officer Tarter's stop of his vehicle was based upon an anonymous tip with no corroborating evidence, and thus could not withstand constitutional scrutiny under *Terry* because it did not have "sufficient indicia of reliability." Barrier argues that, because Deputy Bradshaw never stated his name to the dispatcher and Officer Tarter's only information was that a "deputy" had made the call, his tip was an anonymous one and thus was not permissible.

As discussed by the Kentucky Supreme Court, "[t]he significance of whether [the] tip was generated from [an] 'anonymous' informant[] or not bears upon our overall determination of reliability." *Commonwealth v. Kelly*, 180 S.W.3d 474, 477 (Ky. 2005). Indeed, "[b]efore an investigating officer can rely on an anonymous tip as part of his basis for reasonable suspicion, that tip must have

sufficient indicia of reliability." *Henson v. Commonwealth*, 245 S.W.3d 745, 748 (Ky. 2008) (citations omitted). Specifically, "[i]n cases involving identifiable informants who could be subject to criminal liability if it is discovered that the tip is unfounded or fabricated, such tips are entitled to a greater 'presumption of reliability' as opposed to the tips of unknown 'anonymous' informants (who theoretically have 'nothing to lose')." *Kelly*, 180 S.W.3d at 477 (citation omitted).

In this case, we find Barrier's argument to be unconvincing, as the setting and circumstances of this case do not support a conclusion that the tip was truly "anonymous." First, Officer Tarter knew that the information and facts had passed through dispatch. The trial court found that the dispatcher had identified Deputy Bradshaw based on his voice and had relayed to Officer Tarter that a deputy had called in the tip relating to Barrier's vehicle. Second, Officer Tarter knew that the source of the tip was a "deputy," which further established the reliability of the facts. As discussed in *Kelly*, the foregoing "information alone raises a strong presumption that [such] informant[] could likely be located in the event that [his] tip was determined to be false or made for the purpose of harassment." *Id.* at 477. Third, Officer Tarter knew that the facts had come from a source who had witnessed the alleged criminal activity. Finally, Officer Tarter was able to locate the white, four-door Ford F-250 pick-up truck precisely where the informant had predicted the vehicle would be. Further, the fact that Deputy

-7-

Bradshaw was identified to be called as a witness demonstrates that he was able to be identified as the informant and his tip was, therefore, anything but anonymous and generated from an identifiable informant.

Barrier's argument also focuses on a supposed lack of a "predictive element" in the information provided by Deputy Bradshaw. Barrier cites *Henson*, in which case the Kentucky Supreme Court stated that a tip that did not provide details ". . . such as where the car would be located or the suspects' destination or future actions. . ." was insufficient to allow an officer to corroborate to make a tip reliable. 245 S.W.3d at 750. Further, the *Henson* Court stated that the absence of predictive information, such as where the defendant would be and what he would be doing, was "[p]articularly noteworthy." *Id*.

Here, we again find Barrier's argument to be unconvincing. Firstly, Deputy Bradshaw's second call informed dispatch that the vehicle could be found at the local convenience store where it was ultimately discovered. Secondly, Barrier had stated that he intended to travel to Wayne County, thereby disclosing his intended destination. This information was also relayed to Officer Tarter. Thirdly, Deputy Bradshaw's tip included predictive information that Barrier would be operating a vehicle while under the influence. Deputy Bradshaw's tip provided information on the driver's state, a description of the vehicle, and predictive

information that the vehicle would be present at the convenience store. Thus, we affirm as to this argument.

Barrier next argues that Officer Tarter had no reasonable articulable suspicion that Barrier was involved in criminal activity. In deciding whether an officer possessed reasonable suspicion to conduct a *Terry* stop, "[t]he court must consider the totality of the circumstances in determining whether a police officer had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity." *Bauder v. Commonwealth*, 299 S.W.3d 588, 591 (Ky. 2009) (citing *U.S. v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621 (1981)).

Barrier first argues that the description of his vehicle could have potentially matched hundreds of other similar vehicles in Russell County. This argument is particularly weak given that the events of the case at bar took place near midnight, which would greatly diminish the amount of traffic in smaller towns. Further, the vehicle matching that description was found precisely where Deputy Bradshaw's tip said it would be located. Therefore, we find this argument to be without merit.

Secondly, Barrier argues that the Commonwealth presented no evidence that Barrier was operating the vehicle when the stop took place. While Barrier cites this Court to several cases wherein a defendant was not observed or

witnessed to be operating a vehicle, in this case the Commonwealth produced two witnesses who testified that they had seen Barrier operating the vehicle. While Officer Tarter did find the vehicle legally parked, the testimony of Deputy Bradshaw illustrates that Barrier had driven the vehicle to the convenience store. Moreover, Cooper identified Barrier at the suppression hearing as the driver of the vehicle and testified that he had witnessed Barrier drive up to the church parking lot as well as leave the parking lot. Moreover, Barrier was seated in the driver seat and he had previously requested directions to Wayne County. This request implies an intent to continue operating the vehicle to that location.

Thus, based on the totality of the circumstances, we believe that the findings of the district court were supported by substantial evidence that Officer Tarter had a reasonable articulable suspicion to conduct a temporary stop of Barrier's vehicle and that the circuit court did not err in its decision to uphold the district court's order in denying the motion to suppress evidence.

Accordingly, the order of the Russell County Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Rhett B. Ramsey
Monticello, Kentucky

BRIEF FOR APPELLEE:

Terran Cross Helm
Jamestown, Kentucky